UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br><br>HARBOR CUSTOM DEVELOPMENT, INC., *et al.*,<br><br>Debtors.[1]<br><br>―――――――――――――――――――<br><br>HARBOR CUSTOM DEVELOPMENT, INC.,<br><br>Plaintiff,<br>v.<br><br>BANKUNITED, N.A.,<br><br>Defendant. | LEAD CASE NO. 23-42180-MJH<br>(Jointly Administered)<br><br>ADVERSARY NO. _____<br><br>**COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT** |

Harbor Custom Development, Inc., plaintiff herein ("**HCDI**" or "**Plaintiff**"), seeks a declaratory judgment and hereby alleges as follows:

---

[1] The Debtors along with their case numbers are as follows: Harbor Custom Development, Inc. (Lead Case); Belfair Apartments, LLC (23-42181); HCDI at Semiahmoo LLC (23-42183); Beacon Studio Farms LLC (23-42184); HCDI Bridge View, LLC (23-42187); HCDI FL Condo LLC (23-42188); and Pacific Ridge CMS, LLC (23-42189).

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 1 of 7

# I. JURISDICTION

1.1 Plaintiff filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 11, 2023 (the "**Petition Date**") in the Bankruptcy Court for the Western District of Washington, under Bankruptcy Case No. 23-42180-MJH.

1.2 The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(K), and Fed. R. Bankr. P. 7001(2). This is a core proceeding.

# II. PARTIES

2.1 Plaintiff is a Washington corporation.

2.2 BankUnited, N.A. ("**BankUnited**" or "**Defendant**") is a national association doing business in the state of Washington.

# III. FACTUAL ALLEGATIONS

3.1 HCDI is a real estate development company located in Tacoma, Washington. HCDI has been involved in all aspects of the land development cycle including land acquisition, entitlements, development, construction of project infrastructure, single and multi-family vertical construction, marketing, and sales of various residential projects in Western Washington's Puget Sound region.

3.2 HCDI acquires and develops land based on an understanding of population growth patterns, entitlement restrictions and land use evaluation, infrastructure development, and geo-economic forces. In addition to projects in Western Washington, HCDI expanded its projects and portfolios in California, Texas, and Florida.

3.3 As of the Petition Date, HCDI invested in and managed its own real estate assets and projects, and further invested in and managed assets and projects through various wholly owned limited liability companies. Belfair Apartments, LLC; HCDI at Semiahmoo LLC; Beacon Studio Farms LLC; HCDI Bridge View, LLC; HCDI FL Condo LLC; and Pacific Ridge CMS, LLC are each Debtors in these Chapter 11 Cases, and all hold real property assets and projects managed by HCDI.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 2 of 7

3.4     In addition to the Debtor entities and projects described above, HCDI wholly owns two additional, non-Debtor entities: HCDI Wyndstone LLC and Tanglewilde LLC.

3.5     HCDI itself owns multiple projects in California and Texas consisting of single-family homes (constructed and in development) and developed lots.

3.6     HCDI has a deposit account with Washington Federal Bank ("**WaFd**") that serves as the Company's operating account, Account No. 3240 (the "**Operating Deposit Account**"). Funds from many different sources are deposited into that account, commingled there, and then paid out of that account on an as-needed basis

3.7     On March 7, 2022, HCDI, as borrower, and BankUnited, as lender, entered into that certain Loan Agreement in the principal amount of $25,000,000.00 (the "**Loan Agreement**"). A copy of the Loan Agreement is attached hereto as **Exhibit A**.

3.8     In connection with the Loan Agreement, HCDI and BankUnited executed that certain Security Agreement (the "**BankUnited Security Agreement**") whereby HCDI granted BankUnited a security interest in the following collateral, as more specifically described and defined in the Security Agreement, including: (i) Accounts; (ii) Notes Receivable; (iii) Chattel Paper; (iv) rights to payment; (v) Inventory; (vi) Equipment; (vii) Fixtures; (viii) Securities; (ix) Commercial Tort Claims; (x) Negotiable Collateral; (xi) cash and cash equivalents that came into the possession of BankUnited; (xii) General Intangibles, including (but not limited to) deposit accounts; and (xiii) Proceeds of collateral.  A copy of the BankUnited Security Agreement, detailing the defined collateral, is attached hereto as **Exhibit B**.

3.9     The Security Agreement provides that lower-case terms not otherwise defined shall have the meanings set forth in the Uniform Commercial Code ("**UCC**").

3.10    BankUnited filed a UCC-1 financing statement on March 17, 2022, with the Washington State Department of Licensing (No. 2022-076-6595-6), identifying the collateral as "all assets" and attaching, as Exhibit A, a description of collateral. A copy of the BankUnited Financing Statement is attached hereto as **Exhibit C.**

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 3

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 3 of 7

3.11  HCDI and BankUnited did not execute any control agreements, as that term is defined in the UCC, in connection with the Loan Agreement or the BankUnited Security Agreement.

3.12  On February 22, 2023, HCDI and BankUnited executed an amended Loan Agreement (the "**Amended Loan Agreement**"). A copy of the Amended Loan Agreement is attached hereto as **Exhibit D**.

3.13  The Amended Loan Agreement provided that HCDI would transfer, solely as collateral, membership certificates for the following HCDI subsidiaries: Pacific Ridge CMS, LLC, HCDI FL Condo LLC, HCDI Wyndstone, LLC, HCDI at Semiahmoo, LC, Mills Crossing, LLC, Broadmoor Ventures, LLC, and Winding Lane Estates LLC (collectively defined as the "**Pledged LLC Interests**"). Amended Loan Agreement at ¶3.04.

3.14  The Amended Loan Agreement further provided that the Pledged LLC Interests as defined therein "merely perfect Lender's security interest in the Pledged LLC Interests as per the Security Agreement." Amended Loan Agreement at ¶3.04.

3.15  HCDI and BankUnited did not execute any control agreements, as that term is defined in the UCC, in connection with the Amended Loan Agreement.

## IV.  COUNT I: DECLARATORY JUDGMENT CONCERNING DEPOSIT ACCOUNT

4.1  Plaintiff restates and realleges the allegations contained in paragraphs 1.1 through 3.15 above, as though set forth herein.

4.2  The BankUnited Security Agreement purports to grant BankUnited a lien on and security interests in HCDI's "deposit accounts".

4.3  The Security Agreement defines "Deposit Account" as any deposit account as that term is defined in the UCC.

4.4  Therefore, the Operating Deposit Account is a deposit account within the meaning of the UCC.

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 4 of 7
4860-8935-5674, v. 3

4.5     Under the UCC and relevant state statutes, a security interest in a deposit account may be perfected only by control of the account. UCC § 9-312(b)(1); § 679.2031 Fla. Stat.; RCW 62A.9A-104.

4.6     A secured party has control of a deposit account if: (1) the secured party is the bank with which the deposit account is maintained; (2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor; or (3) the secured party becomes the bank's customer with respect to the deposit account. *Id.* at § 9-104(a)(1)–(3).

4.7     BankUnited has not established control over the Operating Deposit Account pursuant to the UCC.

4.8     HCDI and BankUnited have not executed a control agreement as to the Operating Deposit Account with WaFd.

4.9     BankUnited failed to properly perfect its purported lien on and security interest in the Operating Deposit Account and, accordingly, does not hold a perfected lien on or security interest in the Operating Deposit Account.

4.10    Pursuant to UCC § 9-315(a), a secured party's lien attaches only to "identifiable" proceeds.

4.11    Pursuant to UCC § 9-315(b), commingled cash proceeds are "identifiable" only to the extent the secured creditor can trace them.

4.12    Funds from sources which are not BankUnited's collateral or proceeds of their collateral flow through the Operating Deposit Account.

4.13    BankUnited had no security interest in the Operating Deposit Account or cash in the Operating Deposit Account, except to the extent that BankUnited can identify any such amounts as proceeds of their collateral in accordance with UCC § 9-315(b).

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 5 of 7

4.14     Plaintiff is entitled to a judgment declaring that BankUnited does not have a security interest in any cash in the Operating Deposit Account, as of the Petition Date, in excess of any amounts that BankUnited can identify as proceeds of its perfected collateral.

4.15     To the extent BankUnited fails to establish any interest in the Debtor's cash, Plaintiff is entitled to a judgment declaring that any adequate protection payments made on account of such cash be characterized as payments of principal.

### V.     COUNT II:  AVOIDANCE OF UNPERFECTED LIENS WITH RESPECT TO DEPOSIT ACCOUNT
### (11 U.S.C. §§ 544, 550, and 551)

5.1     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 4.15 above, as though set forth herein.

5.2     BankUnited failed to properly perfect its purported lien on and security interest in the Operating Deposit Account because it did not obtain requisite control over such account pursuant to the UCC.

5.3     Pursuant to sections 544(a)(1) and (2) of the Bankruptcy Code, HCDI has the rights and powers to avoid any transfer of property of the Debtors or any obligation incurred by the Debtors that is voidable.

5.4     Because BankUnited does not have a properly perfected lien on or security interest in the Operating Deposit Account, any and all liens on and security interests in the Deposit Accounts asserted by BankUnited, which are not BankUnited's collateral, should be avoided pursuant to section 544(a) of the Bankruptcy Code, and such property or the value of such property, if previously transferred, should be recovered by HCDI's estate pursuant to section 550(a) of the Bankruptcy Code and/or automatically preserved for the benefit of the Debtors estates pursuant to section 551 of the Bankruptcy Code.

### VI.     RELIEF REQUESTED

Plaintiff requests that the Court enter a judgment against the Defendant declaring:

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 6 of 7

6.1 Defendant BankUnited does not have a security interest in HCDI's Operating Deposit Account.

6.2 Defendant BankUnited does not have a security interest in any cash in HCDI's Operating Deposit Account except to the extent that BankUnited can identify any such amounts as proceeds of their collateral in accordance with UCC § 9-315(b).

6.3 For such other and further relief as the Court deems just and proper.

DATED this 10th day of January 2024.

CAIRNCROSS & HEMPELMANN, P.S.

  /s/ Aditi Paranjpye
Aditi Paranjpye WSBA No. 53001
E-mail: aparanjpye@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308
*Attorneys for Plaintiff*

COMPLAINT TO DETERMINE EXTENT AND VALIDITY OF LIENS AND FOR DECLARATORY JUDGMENT - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

4860-8935-5674, v. 3

Case 24-04010-MJH    Doc 1    Filed 01/10/24    Ent. 01/10/24 09:59:09    Pg. 7 of 7